UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN JACOBS | § | C.A. NO. 3:15-cv-00035 |
| | § | |
| VS. | § | |
| | § | |
| FIELDWOOD ENERGY LLC, | § | |
| GOM SHELF LLC, and | § | |
| WOOD GROUP PSN, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Steven Jacobs ("Plaintiff"), complaining of Defendants Fieldwood Energy LLC, GOM Shelf LLC, and Wood Group PSN, Inc., and for cause of action, would respectfully show this Honorable Court as follows:

### I. PARTIES

1.1     Plaintiff Steven Jacobs, is a U.S. citizen and resident of Louisiana.

1.2     Defendant Fieldwood Energy Offshore LLC ("Fieldwood") is a Delaware limited liability company with its principal place of business in this District, doing business in this District, Division and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

1.3     Defendant GOM Shelf LLC ("GOM"), is a Delaware limited liability company with its principal place of business in this District, doing business in this District, Division and the State of Texas for the purpose of accumulating monetary profit, and may be served

with process through its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

1.4     Defendant Wood Group PSN, Inc. ("Wood Group"), is a Nevada corporation doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company D.B.A. CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION

2.1     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq.*

## III. VENUE

3.1     Venue is proper in this OCSLA Action pursuant to 28 U.S.C. §1391, as one or more Defendants reside in this District.

## IV. FACTS

4.1     On or about February 17, 2016, Plaintiff was working as a service technician for Louisiana Safety Systems, and was seriously injured when he slipped and fell while traversing stairs on Platform GI47-L, a platform owned and/or operated by Defendants.

## V.  CAUSE OF ACTION

A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about February 17, 2016, Plaintiff sustained serious and disabling injuries while on Defendants' platform.

5.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of all Defendants, their agents, servants and/or employees, including the PIC, crane operator and hand, who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

5.3     Plaintiff would further show that the platform Defendants had custody or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury.

5.4     The platform Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Said Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise

reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

5.5    As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.6    In addition to the above negligent acts, all Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7    The federal regulations applicable to the platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901.  The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like the platform Defendants develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review,

record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902. Pursuant to 30 C.F.R. § 250.1900, *et seq.*, said Defendants had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices. The platform Defendants were responsible for ensuring that all of their contractors worked together to operate in a safe and environmentally responsible manner.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1 As a result of these occurrences and negligent acts of all Defendants, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2 Categorical damages which Plaintiff seeks to recover from all Defendants include compensation for the following:

(a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)     loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement;

(j)     past and future physical impairment; and

(k)     punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

8.1     Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)     that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendants jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
marcus@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Mary Holmesly
Texas Bar No. 24057907 / SD Tex. No. 890192
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
mholmesly@spaglaw.com

*Attorneys for Plaintiff*